25830. LONG, executor, *v.* LONG.

DECIDED MARCH 11, 1937.

*S. W. Fariss, G. W. Langford,* for plaintiff in error.
*Maddox & Griffin,* contra.

BROYLES, C. J. This was a suit against an executor of an estate, to recover the value of certain services alleged to have been rendered by the plaintiff to the deceased. The petition contained two counts. It was alleged that in July, 1926, at the special request of David Long (the deceased), the plaintiff moved to the home of said Long for the purpose of taking care of him and his son, Sam Long; that David Long was about eighty years old and physically unable to care for himself; that Sam Long's mental condition was such that he could not care for himself; that the plaintiff cooked for them, ironed, washed and mended their clothes, and took care of them; that her services were reasonably worth one dollar a day; and she sued for the sum of $2637. In the second count she alleged that item 5 of David Long's will was as follows: "The ones who take care of me in my last days, if I should become helpless and can not take care of myself and should need a nurse, this or these parties shall be paid for their trouble;" that in accordance with the request of David Long she moved to his house in July, 1926, and from that time to the date of his death in February, 1934, she cooked, ironed, washed and mended for David Long and his son, and nursed and cared for them; that under the terms of David Long's will she should be paid for her care and nursing of him, because he was helpless and unable to care for himself; that her services were reasonably worth one dollar a day; and that she performed the services for seven and one-half years. The plaintiff amended the first count of her petition by striking the amount sued for therein ($2637), and substituting $1460 as the sum sued for. She also added to count 1 the following: "And that plaintiff is entitled to recover for such services rendered for the period of four years immediately preceding the death of the said David Long in the sum of $1460." Count 2 was not amended, and the amount sued for therein remained

$2637. The defendant in his answer denied that the plaintiff had rendered the services sued for, but admitted that the item of David Long's will was correctly set out in count 2 of the petition. A verdict in favor of the plaintiff for $1800 was returned, and the defendant's motion for new trial (containing the general grounds and twenty-five special grounds) was overruled.

Special ground 1 complains that in charging on the pleadings in the case the court erroneously told the jury that in count 1 of the petition the plaintiff was seeking to recover $2637, although that amount had been stricken by plaintiff's amendment and $1460 substituted for it. It is alleged that this error was harmful to the defendant, because it does not appear on what count the verdict was based, and the erroneous charge probably caused the jury to return a verdict on the first count in excess of the amount of money actually claimed by the plaintiff in that count. We see no merit in the ground. The court elsewhere in the charge clearly instructed the jury that if they found the plaintiff was entitled to recover *under the first count* of the petition, she could recover only for her services rendered for the four years immediately preceding the death of the deceased, and that under that count she could not recover a sum in excess of $1460. It is apparent that the jury must have based their verdict on the second count of the petition, and that the error in the charge was harmless. See *Bainbridge Coca-Cola Co.* v. *Miller,* 38 *Ga. App.* 763 (2) (145 S. E. 473). The other excerpts from the charge complained of, when considered in the light of the entire charge and the facts of the case, disclose no reversible error.

The remaining grounds, assigning error on the admission of certain evidence, show no reason for a reversal of the judgment. Much of this evidence was alleged to be immaterial, but was not alleged to be prejudicial to the movant. And those portions of the evidence which were alleged to be prejudicial were admissible under the pleadings and the facts of the case. The verdict was amply authorized by the evidence, and the denial of a new trial was not error for any reason assigned.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*